UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
MAR 1 1 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

ELAINE C. MATTHEWS,

        Plaintiff,

v.

BRIAN M. BELL and RENEE M. BELL,

        Defendants.

**DECISION AND ORDER**

6:18-CV-06460 EAW

## INTRODUCTION

*Pro se* plaintiff Elaine C. Matthews ("Plaintiff"), a citizen of Florida, sued defendants Brian M. Bell and Renee M. Bell (collectively "Defendants"), citizens of New York, for various claims arising out of the sale of a condominium in Manatee County, Florida. (Dkt. 1). Defendants move for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer the action pursuant to 28 U.S.C. § 1404(a). (Dkt. 7). Plaintiff opposes Defendants' motion and has filed her own motion seeking to strike Defendants' references to the contract between the parties. (Dkt. 14). For the reasons set forth below, the Court denies Plaintiff's motion to strike and grants Defendants' motion to the extent that the matter is transferred to the United States District Court for Middle District of Florida. The Court leaves consideration of the merits of Plaintiff's Complaint to the transferee court.

## FACTUAL AND PROCEDURAL BACKGROUND

As is required at this stage of the proceedings, the Court treats the factual allegations set forth in the Complaint as true. The Court has also considered the "Seller's Property Disclosure—Condominium" (the "Seller's Disclosure") referenced in the Complaint and attached to Plaintiff's opposition to Defendants' motion and her motion to strike. (*See* Dkt. 13 at 13-16; Dkt. 14 at 5-8). The Court has further considered the terms of the "'AS IS' Residential Contract for Sale and Purchase" (the "Purchase Contract") entered into by the parties on May 8, 2018, as relevant to Defendants' motion to transfer. (*See* Dkt. 8 at 4-20); *see also Mohsen v. Morgan Stanley & Co. Inc.*, No. 11 CIV. 6751 PGG, 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) ("In deciding a motion to transfer, a court may consider material outside of the pleadings."); *Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 176 (E.D.N.Y. 2003) (noting that a motion under § 1404(a) should be supported by "affidavits and other materials outside the pleadings").

On March 26, 2018, prior to the sale of their condominium to Plaintiff, Defendants completed the Seller's Disclosure, which acknowledges that "Florida law requires a seller of a home to disclose to the buyer all known facts that materially affect the value of the property being sold and that are not readily observable or known by the buyer." (Dkt. 14 at 5). In relevant part, in completing the Seller's Disclosure, Defendants indicated that to their knowledge: (1) all heating and cooling systems were in working condition; (2) all existing major appliances and mechanical and electrical systems were in working condition; and (3) no past or present water intrusion or flooding had affected the condominium. (*Id.* at 5-6).

- 2 -

The Purchase Contract was signed by all parties on May 8, 2018. (Dkt. 8 at 15). Section 18(U) of the Purchase Contract provides that the Purchase Contract "shall be construed in accordance with the laws of the State of Florida and venue for resolution of all disputes[1], whether by mediation, arbitration or litigation, shall lie in the county where the Real Property is located." (*Id.*).

Plaintiff commenced the instant action on June 19, 2018. (Dkt. 1). Plaintiff claims that she moved into the condominium on May 15, 2018, and that by May 18, 2018, she was suffering from a "clogged nose and left ear" because the air conditioning was not working properly. (Dkt. 1 at ¶¶ 4-5). Plaintiff further alleges that the washing machine leaked, the lanai's ceiling fan was rusted and unusable, the sliding glass doors leading to the lanai did not close properly and allowed outside air into the condominium, the ceiling in the hall was damaged from a roof leak, "every room [had] electrical problems," the faucets leaked, and two smoke detectors were "insufficient as to amount and placement." (*Id.* at ¶¶ 5-7, 10). Moreover, according to Plaintiff, she was injured when attempting to use a Murphy bed in the condominium, because it had "no installed pistons" and knocked her from a stepladder onto the ground. (*Id.* at ¶¶ 12-13). Plaintiff contends that it is irrelevant that she bought the property "as is," because Florida law nonetheless imposes a legal obligation to disclose material defects that are not readily observable or known to the buyer. (*Id.* at ¶ 14). Based on these allegations, Plaintiff seeks "the return of her $176,000

---

[1]     Section 16(b) of the Purchase Contract defines disputes as "[u]nresolved controversies, claims and other matters in question between Buyer and Seller arising out of, or relating to, [the Purchase Contract] or its breach, enforcement or interpretation[.]" Dkt. 8 at 10.

paid to Defendants for their defective condominium, and in return Plaintiff seeks to return to Defendants their condominium" (*Id.* at 4)—that is, Plaintiff seeks rescission of the Purchase Contract.[2]  Plaintiff also seeks "$100,000 in actual and punitive damages[.]" (*Id.*).

On August 13, 2018, Defendants filed their motion to dismiss or to change venue. (Dkt. 7).  Plaintiff filed her opposition to Defendants' motion and her motion to strike on August 23, 2018.  (Dkt. 13; Dkt. 14).  Defendants filed a response in opposition to Plaintiff's motion to strike on September 13, 2018.  (Dkt. 16).

## DISCUSSION

### I.    Motion to Strike

The Court first considers Plaintiff's motion to strike.  Purportedly pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff asks the Court to strike from Defendants' motion and associated papers "every reference to [the Purchase Contract] as well as the [Purchase Contract] itself, . . . since [the Purchase Contract] is immaterial to Plaintiff's cause of action as clearly set forth by her Complaint which makes NO reference to [the Purchase Contract]."  (Dkt. 14 at 4) (emphasis in original).  Plaintiff's motion to strike lacks merit and is denied, for the reasons discussed below.

---

[2]    Rescission is "[a] party's unilateral unmaking of a contract for a legally sufficient reason, such as the other party's material breach, or a judgment rescinding the contract." Rescission, *Black's Law Dictionary* (10th ed. 2014); *see also United States v. Landers,* 128 F. Supp. 97, 102 (S.D.N.Y. 1953), *aff'd,* 219 F.2d 223 (2d Cir. 1954) (to rescind a contract means "to annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made").

As a threshold matter, the Court notes that "by its own terms, Rule 12(f) applies only to pleadings." *Hirsch v. Hui Zhen Huang*, No. 10 CIV. 9497 LTS, 2011 WL 6129939, at *4 (S.D.N.Y. Dec. 9, 2011). Defendants' motion to dismiss and the papers submitted in support thereof are not "pleadings" and are therefore not within the purview of Rule 12(f). *See Wright v. Belafonte*, No. 12 CIV. 7580 GBD RLE, 2014 WL 1302632, at *3 (S.D.N.Y. Mar. 31, 2014), *aff'd*, 687 F. App'x 1 (2d Cir. 2017) (Rule 12(f) "only applies to pleadings, which do not include motions to dismiss."); *see also* Fed. Rule. Civ. P. 7(a) (defining "pleadings" as the complaint, the answer to the complaint, an answer to a counterclaim or crossclaim, a third-party complaint, an answer to a third-party complaint, and "if the court orders one, a reply to an answer"). Plaintiff's motion to strike thus fails to identify any relevant legal authority for the relief sought.

Moreover, even if Rule 12(f) did apply, the Court rejects Plaintiff's contention that this action is unrelated to the Purchase Contract. To the contrary, the duty to disclose under Florida law upon which Plaintiff's Complaint is based only exists between a seller and buyer of residential property. *See Johnson v. Davis*, 480 So. 2d 625, 629 (Fla. 1985) ("[W]here the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer.") (emphasis added). In other words, in the absence of the Purchase Contract, Defendants would have had no duty whatsoever to Plaintiff, and so the Purchase Agreement and its terms and conditions are integral to Plaintiff's Complaint. *Cf. Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) (holding that "a contract or other legal document containing obligations upon which the plaintiff's

complaint stands or falls, but which for some reason . . . was not attached to the complaint" is nonetheless integral to the complaint and can be considered on a motion to dismiss). Moreover, Plaintiff seeks rescission of the Purchase Contract in her Complaint, further confirming that the Complaint implicates the Purchase Contract. Under these circumstances, there is no basis for the Court to strike Defendants' references to the Purchase Contract and Plaintiff's motion seeking that relief is denied.

## II.    Transfer Pursuant to 28 U.S.C. § 1404(a)

Defendants' motion both attacks the merits of Plaintiff's Complaint and seeks transfer of the matter based on a forum-selection clause and on considerations of convenience. "It is well-settled that a court should resolve issues of jurisdiction and venue before addressing merits-based arguments." *Edme v. Internet Brands, Inc.*, 968 F. Supp. 2d 519, 523 n.4 (E.D.N.Y. 2013). Moreover, a party "should benefit from the forum selection clause[] for which it bargained at the earliest possible time." *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 818 F. Supp. 2d 597, 621 (E.D.N.Y. 2011), *aff'd*, 714 F.3d 714 (2d Cir. 2013). Accordingly, before considering the merits of Plaintiff's Complaint, the Court first considers whether the matter should be transferred to the United States District Court for the Middle District of Florida and, for the reasons set forth below, concludes that it should.

### A.    Legal Standard

Defendants seek transfer of venue pursuant 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

- 6 -

brought or to any district or division to which all parties have consented." *Id*. Section 1404(a) is "a codification of the doctrine of *forum non conveniens*" and "governs the subset of cases in which the [proposed] transferee forum is within the federal system[.]" *Martinez v. Bloomberg LP*, 740 F.3d 211, 221 (2d Cir. 2014) (quotations omitted). "The determination of whether an action should be transferred pursuant to § 1404(a) depends upon a balancing of many different factors. These factors include not only convenience to the parties and witnesses but also the relative ease of access to proof, availability of witnesses . . . and all other practical problems which make trial of a case easy, expeditious, and inexpensive." *Heyco, Inc. v. Heyman*, 636 F. Supp. 1545, 1548 (S.D.N.Y. 1986). "The party seeking the transfer bears the burden of establishing that the transfer is warranted[.]" *Id*.

Defendants contend that the forum-selection clause in the Purchase Contract supports their request for transfer. A forum-selection clause "may be enforced through a motion to transfer under § 1404(a)," *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013), and "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways," *id*. at 63. "First, the plaintiff's choice of forum merits no weight. . . . Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. . . . Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id*. at 63-64. "[A] valid forum-selection clause [should be] given controlling weight in all

but the most exceptional cases." *Id.* at 63 (quotation omitted and second alteration in original). Where a valid forum-selection clause applies, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.*

## B. Relevance of the Purchase Contract's Forum-Selection Clause

Defendants contend that this case should be transferred to the Middle District of Florida pursuant to the forum-selection clause found in the Purchase Contract. The Purchase Contract's forum-selection clause provides that "venue for resolution of all disputes . . . shall lie in the county where the Real Property is located." (Dkt. 8 at 13). Contrary to Defendants' arguments, this forum-selection clause does not warrant or permit transfer of this case to the Middle District of Florida because its plain language limits venue to courts within Manatee County, Florida, and there is no federal courthouse within Manatee County, Florida.

The Second Circuit has held that "the meaning of a forum selection clause is a matter of contract interpretation and the initial interpretation of a contract is a matter of law for the court to decide." *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 75 (2d Cir. 2009) (quotations and alteration omitted). In *Yakin*, the Second Circuit considered a forum-selection clause providing that "the venue and place of trial of any dispute that may arise out of this Agreement . . . shall be in Nassau County, New York." *Id.* at 76. Plaintiff argued, and the Second Circuit agreed, that this language did not permit removal of the matter to the United States District Court for the Eastern District of New York, because there was no federal courthouse in Nassau County and "no reasonable reading of the [forum-selection] clause

- 8 -

permits the interpretation that the parties had agreed to trial in Suffolk County or Brooklyn because those courthouses were within the Eastern District of New York, which spans an area including Nassau County." *Id.*

The forum-selection clause at issue in this case, like the forum-selection clause at issue in *Yakin*, identifies a specific county in which venue must lie. In particular, the forum-selection clause states that venue must lie in "the county where the Real Property is located." (Dkt. 8 at 13). The real property at issue here is located in Manatee County, Florida. (Dkt. 8 at 4). Manatee County is within the geographic jurisdiction of the Middle District of Florida; however, there is no federal courthouse in Manatee County. Instead, Manatee County is part of the Middle District of Florida's Tampa Division, which has its courthouse in Tampa, within Hillsborough County. *See* United States District Court for the Middle District of Florida, https://www.flmd.uscourts.gov/locations/tampa (last accessed March 4, 2019).

The Second Circuit's decision in *Yakin* forecloses the possibility that the forum-selection clause in this case can be read to include venue in the Middle District of Florida's Tampa Division. In the words of the *Yakin* court, "no reasonable reading of the [forum-selection] clause permits the interpretation that the parties had agreed to trial in [Hillsborough County] because [that] courthouse[] [was] within the [Middle District of Florida], which spans an area including [Manatee County]." 566 F.3d at 76; *see also Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 674 (4th Cir. 2018) ("Because there is no federal courthouse in the designated county, removal of the case to federal court would mean that the dispute would be resolved in a county other than

the one designated by the contract."). The Court is therefore faced with a situation where Defendants "do not really seek to enforce the forum selection clause, they seek to rewrite it." *Whitney Lane Holdings, LLC v. Sgambettera & Assocs., P.C.*, No. 08-CV-2966 JS AKT, 2010 WL 4259797, at *2 (E.D.N.Y. Sept. 8, 2010) (denying motion to transfer based on forum-selection clause where the forum-selection clause identified "Saratoga County Supreme Court" as the appropriate venue and the defendants requested transfer to the United States District Court for the Northern District of New York). Accordingly, the Court finds that transfer of this action is not warranted as a result of the Purchase Contract's forum-selection clause.[3]

### C.    Consideration of § 1404(a) Factors

Forum-selection clauses are waivable. *See LG Capital Funding, LLC v. M Line Holdings, Inc.*, No. 16-CV-6012 (LDH), 2017 WL 9250296, at *5 (E.D.N.Y. June 1, 2017), *report and recommendation adopted*, No. 16CV06012LDHRLM, 2018 WL 3599731 (E.D.N.Y. July 27, 2018) (collecting cases). Accordingly, because none of the parties in this case properly seek to enforce the Purchase Contract's forum-selection clause, the Court will disregard it, and consider the § 1404(a) factors as it would in the absence of a forum-selection clause.[4] *See Whitney Lane Holdings*, 2010 WL 4259797.    For the reasons

---

[3]    Forum-selection clauses may be enforced either through a Rule 12(b) motion to dismiss or a § 1404(a) motion to transfer. *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475-78 (2d Cir. 2011). Here, Defendants opted to seek transfer, and the Court will not *sua sponte* construe their request as seeking dismissal on this basis.

[4]    In the absence of a forum-selection clause, venue would have been proper in the Middle District of Florida, because it is the "judicial district in which a substantial part of

discussed below, the Court finds that Defendants have satisfied their burden of demonstrating that transfer under § 1404(a) is warranted.

First, the Court notes that while "a plaintiff's choice of forum is presumptively entitled to substantial deference, . . . the degree of deference to the plaintiff's forum depends in part on a number of considerations, such as the plaintiff's own connection to that forum." *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004). Here, Plaintiff has no connections to the Western District of New York, nor has she identified any reasons why venue is this district would be more convenient for her or any of her potential witnesses. Moreover, the operative facts in this case arose outside the Western District of New York, and "the weight afforded to a plaintiff's choice is diminished where the operative facts lack a meaningful connection to the chosen forum." *Rosen v. Ritz-Carlton Hotel Co. LLC*, No. 14-CV-1385 RJS, 2015 WL 64736, at *2 (S.D.N.Y. Jan. 5, 2015) (quotation and alteration omitted). Accordingly, while the Court affords some deference to Plaintiff's choice of forum, it applies a lesser degree of deference than is generally warranted.

Second, the other relevant factors either strongly favor transfer of this action or are neutral. The potential witnesses in this case (apart from the parties) reside in Florida. The evidence in this case centers on the condition of the condominium at the time Defendants sold it to Plaintiff, and the non-party witnesses who have knowledge of those facts (specifically, Defendants' real estate agents) are located in Florida. "Courts typically regard the convenience of witnesses as the most important factor in considering a § 1404(a)

the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

motion to transfer," particularly with respect to non-party witnesses. *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 27 (S.D.N.Y. 2016) (quotation omitted). This Court also would not have the authority to compel the attendance of witnesses in Florida at any trial in this action. *See* Fed. R. Civ. P. 45(c)(1) (a subpoena cannot require attendance of a trial witness who is more than 100 miles away). This factor strongly favors transfer.

With respect to the convenience of the parties, Plaintiff does not live in the Western District of New York—she lived in Florida at the time she commenced this action and has subsequently moved to Ann Arbor, Michigan. (*See* Dkt. 17). Plaintiff will therefore be required to travel a significant distance regardless of whether this matter is heard in the Western District of New York or in the Middle District of Florida. Defendants have disclaimed any inconvenience to them in having the matter heard in Florida. (*See* Dkt. 8 at ¶ 9). As such, the convenience of the parties is a neutral factor in the analysis.

"The location of the operative events is [also] a primary factor in determining a § 1404(a) motion to transfer." *Billing v. Commerce One, Inc.*, 186 F.Supp.2d 375, 377 (S.D.N.Y. 2002) (quotations and citations omitted). Here, the alleged failure to disclose took place in Florida, as did the negotiation and consummation of the Purchase Contract and the completion of the Seller's Disclosure. Moreover, all the physical evidence (that is, the condominium itself, along with its contents) is located in Florida. This factor strongly favors transfer to the Middle District of Florida.

The Court further notes that this lawsuit is based on and will require the application of Florida law. A "forum's familiarity with the governing law" is an appropriate consideration on a § 1404(a) motion to transfer. *ESPN, Inc. v. Quiksilver, Inc.*, 581 F.

Supp. 2d 542, 551 (S.D.N.Y. 2008). A judge in the Middle District of Florida will have substantially more familiarly with Florida real estate law than this Court, and so this factor also favors transfer.

Plaintiff's opposition to Defendants' request for transfer fails to meaningfully argue that venue in this Court serves the interests of justice, convenience, or efficiency. To the contrary, Plaintiff simply argues that she is "uncomfortable with the Defendants wanting to transfer venue" because she does not believe they are operating in good faith. (Dkt. 13 at 8). However, a judge in the Middle District of Florida is equally as capable of ensuring that this litigation runs smoothly and that all parties appropriately comply with their legal obligations as is this Court.

Having considered all the factors, and under the totality of the circumstances presented here, the Court finds that transfer of this case to the United States District Court for the Middle District of Florida pursuant to § 1404(a) is warranted. Accordingly, the Court grants Defendants' motion to the extent it seeks transfer of this action.

## CONCLUSION

For all the foregoing reasons, the Court denies Plaintiff's motion to strike (Dkt. 14) and grants Defendants' motion (Dkt. 7) to the extent that the matter is transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). The Court leaves consideration of the merits of Plaintiff's Complaint to the United States District Court for the Middle District of Florida and accordingly does not rule on that portion of Defendants' motion seeking dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6). The Clerk of Court is directed to effectuate the

transfer of this matter to the United States District Court for the Middle District of Florida upon entry of this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 11, 2019
       Rochester, New York